**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

| | | |
|---|---|---|
| **SPENCER T. MYERS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action Nos. 3:13-17705** |
| | ) | **Criminal Action No. 3:00-00062** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Petition for Writ of Error *Audita Querela*.[1] (Document No. 156.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 158.) By Order entered on January 6, 2016, the above case was referred to the undersigned for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 166.)

**FACTUAL BACKGROUND**

1.    **Criminal No. 3:00-0062:**

By Indictment filed on March 21, 2000, Petitioner was charged with one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1) (Count 1); one count of Distribution of Cocaine Base, a Scheduled II Controlled Substance, in violation of 18 U.S.C. § 841(a)(1) (Count 2); one count of Possession of a Firearm

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3); one count of Knowingly Possessing a Firearm with an Obliterated Serial Number in violation of 18 U.S.C. §§ 922(k) and (24(a)(1) (Count 4); and one count of Corruptly Persuading Another to Hinder an Investigation in violation of 18 U.S.C. § 1512(b)(3). (Criminal Action No. 3:00-00062, Document No. 1.) Following a jury trial conducted on June 21 - 22, 2000, Petitioner was convicted of all five Counts. (Id., Document Nos. 39 and 46.) A Presentence Investigation Report was prepared. (Id., Document No. 60.) The District Court determined that Petitioner had a Base Offense Level of 43, and a Total Offense Level of 47, the Court having applied the following: (1) a two-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice; and (2) a two-level enhancement pursuant to U.S.S.G. § 3D1.4 for a multiple count adjustment.[2] (Id.) The District Court sentenced Petitioner on September 11, 2000, to a term imprisonment of life as to Count 1, 240 months as to Count 2, 60 Months as to Count 4,and 120 months as to Count 5. (Id., Document Nos. 61.) The District Court directed that Counts 2, 4, 5, and 6 were to run concurrently with Count 1, and Count 3 was to run consecutively. (Id.) The District Court further imposed a five-year term of supervised release, imposed a $500.00 special assessment, and directed Petitioner to pay $5,464.95   in restitution. (Id.)

On September 20, 2000, Petitioner, by counsel, filed a Notice of Appeal. (Id., Document No. 63.) In his appeal, Petitioner argued as follows: (1) The inclusion of a thirteenth juror in jury deliberations constituted a glaring procedural error that warranted an immediate reversal and remand; (2) The District Court abused its discretion by allowing the introduction and repeated use

---

[2]   Although Petitioner was determined to a Armed Career Criminal pursuant to U.S.S.G. § 4B1.4, Petitioner did not receive a level enhancement. Specifically, the Presentence Report states that "[t]he offense level for an armed career criminal in Mr. Myers' case is the offense level applicable from Chapters Two and Three because it is higher than an offense level otherwise determined by the provisions of U.S.S.G. § 4B1.4." (Criminal Action No. 3:00-00062, Document No. 60, p. 17.)

of extremely prejudicial evidence at trial; (3) The District Court committed reversible error by failing to specifically instruct the jury that it must unanimously agree upon which of four drug transactions in evidence satisfied the distribution element necessary for a conviction on the Count Two charge of drug trafficking and on the Count Three charge of possession and use of a firearm in furtherance of drug trafficking; (4) Title 18 U.S.C. § 924(c)(1)(A) did not apply to Petitioner's use of a firearm; (5) The Court's imposition of a life sentence without parole based on his conviction under Count One for possession of a firearm by a convicted felon was disproportionate and in violation of the Eighth Amendment; and (6) The District Court erred by allowing victim testimony from Shilot's wife and mother and in imposing restitution because he was not convicted of a "crime of violence" within the meaning of Federal Rules of Criminal Procedure 32(c)(3)(E). On February 7, 2002, the Fourth Circuit Court of Appeals affirmed Petitioner's convictions and sentences. United States v. Myers, 280 F.3d 407 (4th Cir. 2002). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on October 7, 2002. Myers v. United States, 537 U.S. 852, 123 S.Ct. 53, 154 L.Ed.2d 84 (2002).

## 2.    Section 2255 Motion:

On October 1, 2003, Petitioner filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action 3:03-2220, Document No. 80.) As grounds for *habeas* relief, Petitioner asserted that trial counsel acted ineffectively based on the following: (1) "Counsel was ineffective in securing [Petitioner] a full and fair suppression hearing;" (2) "Counsel failed to object and challenge the District Court's ruling that evidence in the automobile was secured by a valid search warrant;" (3) "Counsel failed to object and challenge the validity of the search warrant:' (4) "Counsel failed to object and challenge the

arrest for a lack of probable cause;" (5) "Counsel failed to object and challenge post-arrest and pre-Miranda statements;" (6) "Counsel failed to investigate, interview and present witnesses and evidence in favor of suppressing unlawfully obtained evidence from automobile." (Id.) By Proposed Findings and Recommendation entered on March 21, 2005, United States Magistrate Judge Maurice G. Taylor recommended that Petitioner's Section 2255 Motion be denied. (Id., Document No. 89.) By Memorandum Opinion and Judgment Order entered on August 11, 2005, United States District Judge Robert C. Chambers adopted Judge Taylor's recommendation and denied Petitioner's Section 2255 Motion. (Id., Document Nos. 91 and 92.) Petitioner filed a Notice of Appeal on October 13, 2005. (Id., Document No. 93.) On September 19, 2008, the Fourth Circuit affirmed in part and dismissed in part.[3] United States v. Myers, 294 Fed.Appx. 69 (4th Cir. 2008)(per curiam opinion). On November 12, 2008, Petitioner filed a Petition for Rehearing and Rehearing En Banc. United States v. Myers, Case No. 05-7731 (4th Cir.), Document No. 82. By Order entered on November 14, 2008, the Fourth Circuit denied Petitioner's Petition for Rehearing and Rehearing En Banc. Id., Document No. 83. On February 9, 2009, Petitioner filed a Motion to Reconsider. Id., Document No. 84. By Order entered on March 17, 2009, the Fourth Circuit denied Petitioner's Motion to Reconsider. Id., Document No. 86.

**3.      First Section 2241 Petition:**

On February 15, 2013, Petitioner filed in the Northern District of West Virginia a Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241 challenging the validity of his conviction. By Proposed Finding and Recommendation, United States Magistrate Judge John S. Kaull recommended that Petitioner's Section 2241 Petition be denied. Myers v. O'Brien, 2014 WL

---

[3]   The Fourth Circuit affirmed the District Court's decision rejecting Petitioner's ineffective assistant of counsel claim and dismissed Petitioner's appeal as to all other claims.

235523 (N.D.W.Va. January 22, 2014). By Memorandum Opinion and Judgment Order entered on

January 22, 2014, United States District Judge Frederick P. Stamp, Jr. adopted Judge Kaull's

recommendation and denied Petitioner's Section 2241 Petition. Id. On October 15, 2014, the

Fourth Circuit dismissed Petitioner's appeal. Myers v. O'Brien, 584 Fed.Appx. 162 (4th Cir.

2014)(per curiam opinion).

**4.      Writ of Error *Audita Querela*:**

On July 8, 2013, Petitioner filed his instant Petition for Writ of Error *Audita Querela*

pursuant to 28 U.S.C. § 1651. (Civil Action 3:13-17705, Document No. 156.) Citing Alleyne v.

United States, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), Petitioner argues that he was

erroneously designated an armed career criminal. (Id., pp. 4 - 5.) Petitioner explains that the

District Court "misstat[ed] and misquot[ed] the criteria needed to impose a sentence under the

A.C.C.A." (Id.) Specifically, Petitioner requests the Court "to turn its attention to the language

supplied under U.S.S.G. 4A1.2(a)(2),[4] which says that prior sentences imposed in unrelated cases

---

[4]   Petitioner confuses the standards for determining a person to be an armed career offender under
18 U.S.C. 924(e)(1) with the standards for determining a person to be a career offender under
U.S.S.G. 4B1.1. Title 18 U.S.C. § 924(e)(1) provides that "[i]n the case of a person who violates
section 922(g) of this title and has three previous convictions by any court referred to in section
922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on
occasions different from one another . . .." According to the Presentence Report, Petitioner was
determined to be an armed career offender pursuant to Section 924(e)(1) based on the following:
(1) An August 11, 1997 conviction for First Degree Arson in Cabell County Circuit Court; (2) An
April 6, 1989 conviction for Conspiracy to Distribute Cocaine from October 7, 1988 until January
17, 1989, in the Southern District of West Virginia; (3) An April 6, 1989 conviction for Aiding and
Abetting the Possession with Intent to Distribute Cocaine on October 7, 1988 in the Southern
District of West Virginia; (4) An April 6, 1989 conviction for Aiding and Abetting the Possession
with Intent to Distribute Cocaine on October 11, 1988 in the Southern District of West Virginia;
(5) An April 6, 1989 conviction for Aiding and Abetting the Possession with Intent to Distribute
Cocaine on January 13, 1989 in the Southern District of West Virginia; and (6) An April 6, 1989
conviction for Use or Carrying a Firearm in the Commission of a Drug Offense on January 18,
1989 in the Southern District of West Virginia. (Criminal Action No. 3:00-00062, Document No.
60, ¶¶ 64 - 70.) "Convictions occur on occasions different from one another 'if each of the prior
convictions arose out of a 'separate and distinct criminal episode.'" *United States v. Letterlough*,

5

are to be counted separately." (Id.) Petitioner argues that a number of his prior offenses were

"related" resulting in him being "actually innocent of being an armed career criminal." (Id., pp. 5 -

6.) Petitioner, therefore, requests that this Court vacate his life sentence and remand this matter for

re-sentencing.[5] (Id., p. 6.) As an Exhibit, Petitioner attaches a copy of pertinent pages from his

Sentencing Transcript. (Id., pp. 8 - 9.)

**5.      Motion Under 28 U.S.C. § 2244:**

On September 13, 2013, Petitioner filed in the Fourth Circuit a "Motion Under 28 U.S.C. §

2244 for Order Authorizing District Court to Consider Second or Successive Application for

---

63 F.3d 332, 335 (4th Cir. 1995). Based upon the foregoing, Petitioner clearly had three previous convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." Movant qualified for sentencing under Section 924(e) because he had a prior "violent felony" conviction (arson) as defined in Section 924(e)(2)(B)(ii) and "serious drug" convictions as defined in Section 924(e)(2)(A)(i). Petitioner's sentence was not determined on the basis of "residual clause" of Section 924(e)(2)(B)(ii) that specifies a further definition of "violent felony" as "otherwise involves conduct that presents a serious potential risk of physical injury to another." Thus, Petitioner was not sentenced based upon the "residual clause" which the United States Supreme Court has declared unconstitutionally vague in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015); *also see Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257 (2016)(holding that the Supreme Court's decision in *Johnson* announced a substantive rule that applies retroactively on collateral review).

[5]   U.S.S.G. § 4B1.1(a) provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Section 4A1.2(a)(1) defines a "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1)(2000). When a defendant has multiple prior sentences, U.S.S.G. § 4A1.2(a)(2) provides as follows:

> Prior sentence imposed in unrelated cases are to be counted separately. Prior sentence imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c). Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences.

U.S.S.G. § 4A1.2(a)(2)(2000). A review of the Presentence Report reveals that Petitioner's sentence was not enhanced pursuant to U.S.S.G. § 4B1.1. (Criminal Action No. 3:00-00062, Document No. 60, pp. 16 - 17.)

Relief Under 28 U.S.C. §§ 2254 or 2255." <u>In re: Spencer Myers</u>, Case No. 13-377 (4th Cir.), Document No. 2. Specifically, Petitioner sought permission to file a successive Section 2255 Motion based upon <u>Alleyne</u>. Petitioner argued that even though he was not convicted of murder, the "District Court imposed a life sentence based on the murder of Robert Shilot under § 2A1.1." <u>Id.</u> Thus, Petitioner argued that his sentence was invalid based upon <u>Alleyne</u>. <u>Id.</u> By Order entered on September 23, 2013, the Fourth Circuit denied Petitioner's Motion under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a second or successive application for relief under 28 U.S.C. § 2255. <u>Id.</u>, Document No. 4.

**6.      Second Section 2241 Petition:**

On December 2, 2013, Petitioner filed in the Northern District of West Virginia his second Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241. <u>Myers v. O'Brien</u>, 2014 WL 2462984 (N.D.W.Va. June 2, 2014). Specifically, Petitioner challenged the validity of his conviction and sentence as imposed by the Southern District of West Virginia. <u>Id.</u> Citing <u>Alleyne</u>, Petitioner argued that he was improperly sentenced because the sentencing judge relied on findings in the Presentence Report concerning his prior convictions rather than relying on the jury verdict. <u>Id.</u> By Proposed Finding and Recommendation, United States Magistrate Judge James E. Seibert recommended that Petitioner's Section 2241 be denied. <u>Id.</u> By Memorandum Opinion and Judgment Order entered on June 2, 2014, United States District Judge John Preston Bailey adopted Judge Seibert's recommendation and denied Petitioner's Section 2241 Petition. <u>Id.</u>

<u>**DISCUSSION**</u>

Writs of *audita querela* are available when there is a legal objection to a conviction which has arisen after sentencing for which there is no other remedy. <u>United States v. Hairston</u>, 2009 WL

7

891929, * 2 (N.D.W.Va.)(*quoting* United States v. LaPlante, 57 F.3d 252, 253 (2nd Cir. 1995)).

Writs of *audita querela*, however, may be issued "only to the extent that they 'fill the gaps' in the

current system of federal post-conviction relief." United States v. Hairston, 2009 WL 891929, * 2

(N.D.W.Va.)(*quoting* Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997)). The Fourth Circuit recently

explained as follows:

> A writ of audita querela is not available to a petitioner when other avenues of relief
> are available, such as a motion to vacate under § 2255. *United States v. Torres*, 282
> F.3d 1241, 1245 (10th Cir. 2002); *United States v. Johnson*, 962 F.2d 579, 582 (7th
> Cir. 1992)(explaining that audita querela may not be invoked by a defendant
> challenging the legality of his sentence who could otherwise raise that challenge
> under § 2255). That fact that [petitioner] cannot proceed under § 2255 unless he
> obtains authorization from this court does not alter this conclusion. *United States v.
> Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001)("We agree with our sister
> circuits . . . that a federal prisoner may not challenge a conviction or a sentence by
> way of a petition for a writ of audita querela when that challenge is cognizable
> under § 2255.").

In re Moore, 487 Fed.Appx. 109 (4th Cir. 2012).

The undersigned finds that Petitioner is not entitled to relief pursuant to a writ of *audita*

*querela*. To the extent Petitioner contends that Alleyne results in a "gap" allowing relief pursuant

to a writ of *audita querela*, the undersigned will briefly consider the claim. In Alleyne, the

Supreme Court held that any fact increasing the mandatory minimum penalty for an offense must

be alleged in the indictment and proven beyond a reasonable doubt to a jury. Alleyne v. United

States, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).[6] Thus, the undersigned will

consider whether Alleyne is retroactive for purposes of collateral review. Alleyne establishes a

new rule of criminal procedure, rather than a substantive change in the law. Harris v. United States,

2013 WL 4882227, * 2 (S.D.W.Va. Sept. 12, 2013)(J. Johnston). Generally, new rules of criminal

---

[6]  *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d
435 (2000). The undersigned notes that *Apprendi* is not retroactive on collateral review.

procedure do not apply retroactively to cases on collateral review. <u>Teague v. Lane</u>, 489 U.S. 288, 303, 109 S.Ct. 1060, 1071, 103 L.Ed.2d 334 (1989). The Fourth Circuit has determined that <u>Alleyne</u> is not retroactive for purposes of collateral review. <u>United States v. Stewart</u>, 540 Fed.Appx. 171 (4th Cir. Sep. 27, 2013)("*Alleyne* has not been made retroactively applicable to cases on collateral review."); <u>also see</u> <u>United States v. Redd</u>, 735 F.3d 88, 92 (2nd Cir. 2013); <u>Simpson v. United States</u>, 721 F.3d 875 (7th Cir. 2013); <u>Manning v. United States</u>, 2013 WL 5890722 (W.D.Va. Oct. 31, 2013); <u>Muhammad v. Purdue</u>, 2013 WL 4508870 (N.D.W.Va. Aug. 23, 2013); <u>United States v. Reyes</u>, 2013 WL 4042508 (E.D.Pa. Aug. 8, 2013); <u>United States v. Eziolisa</u>, 2013 WL 3812087 (S.D.Ohio July 22, 2013). Since Petitioner is barred from filing a successive Section 2255 Motion asserting his <u>Alleyne</u> claim, Petitioner argues that he is entitled to seek relief pursuant to a writ of *audita querela*. Petitioner's foregoing claim, however, is without merit. If <u>Alleyne</u> is eventually found to be retroactive, 28 U.S.C. § 2255 would allow Petitioner to file a successive Section 2255 Motion. Therefore, there is no "gap" that would need to be filled by the granting of a writ of *audita querela*. <u>See</u> <u>Walton v. United States</u>, 2014 WL 2515129, * 3 (N.D.W.Va. June 4, 2014)(finding that petitioner was not entitled to relief pursuant to a writ of *audita querela* based upon *Alleyne* because there is no "gap" that would need to be filled); <u>Perez-Garcia v. United States</u>, 2014 WL 5605060, * 3 ( W.D.N.C. Nov. 4, 2014)(finding that a writ of *audita querela* was not available for petitioner to challenge his sentence based upon *Alleyne*). Furthermore, it is well recognized that statutory limits on successive *habeas* petitions does not create a "gap" in the post-conviction relief that can be filled by a petition for writ of *audita querela*. <u>See</u> <u>In re Moore</u>, 487 Fed.Appx. 109 (4th Cir. 2012)("The fact that [petitioner] cannot proceed under § 2255 unless he obtains authorization from this court to file a successive

motion does not alter this conclusion"); United States v. Sessoms, 488 Fed.Appx. 737 (4th Cir. 2012)(finding that a writ of *aduita querela* is not available to a petitioner even though a petitioner may not proceed under Section 2255 unless he obtains authorization from the Fourth Circuit to file a successive motion)(*citing* Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007)); Carrington v. United States, 503 F.3d 888 (9th Cir. 2007)("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs."); Broaddus v. United States, 2013 WL 6385302, * 5 (W.D.N.C. Dec. 6, 2013)(finding "the fact that a § 2255 motion is time-barred does not create a 'gap' that warrants extraordinary relief under the writ of *audita querela*"); Brown v. United States, 2007 WL 4723378 (D.S.C. Nov. 2, 2007)(writ of *audita querela* not available to circumvent restrictions of 28 U.S.C. § 2255). Based upon the foregoing, the undersigned respectfully recommends that Petitioner's Petition for Writ of *Audita Querela* be denied.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Petition for Writ of Error *Audita Querela* (Document No. 156), and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Petitioner shall

have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: May 10, 2016.

Omar J. Aboulhosn
United States Magistrate Judge